IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 7, 2005

## AUTHOR R. TURNER v. STATE OF TENNESSEE

An Appeal from the Tennessee Claims Commission
No. 20301154     Nancy C. Miller-Herron, Commissioner

No. W2004-02582-COA-R3-CV - Filed June 30, 2005

This is a medical negligence case brought by a state prisoner. The plaintiff prisoner alleges injury stemming from an act of medical negligence by a state employee in August 2001, while the plaintiff prisoner was in state custody. In March 2002, the prisoner erroneously filed a lawsuit in chancery court, which was dismissed in January 2003. In February 2003, the prisoner filed the instant claim with the claims commission. The claims commission found that the statute of limitations was not tolled by the filing of the chancery lawsuit because the Attorney General had not agreed to transfer the chancery lawsuit, and dismissed the claim as untimely. The plaintiff prisoner appealed. This Court reversed the dismissal on the basis that the agreement of the Attorney General to the transfer was no longer required, and remanded for further proceedings. On remand, the claims commission found that the plaintiff prisoner's claim was not in the class of cases eligible for transfer from chancery court, and on that basis again dismissed the plaintiff prisoner's complaint as being untimely. The plaintiff prisoner again appeals. We affirm, concluding that the statute of limitations was not tolled by the erroneous filing of the chancery court lawsuit, and that consequently the plaintiff prisoner's claim with the claims commission was untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission
is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Author Ray Turner, Henning, Tennessee, appellant, *pro se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Michael B. Schwegler, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

This is the second appeal in this case. The opinion in the first appeal, ***Turner v. State***, No. W2003-02889-COA-R3-CV, 2004 WL 1196102 (Tenn. Ct. App. May 27, 2004), sets forth the background facts. It states that Plaintiff/Appellant Author R. Turner ("Appellant") is:

> an inmate in the custody of the Tennessee Department of Correction ("TDOC") and is incarcerated at the West Tennessee State Penitentiary. Appellant suffers from migraine headaches and, as part of his medical treatment, he takes daily dosages of Elavil and Midrin. On August 18, 2001, Appellant began to have convulsions at two o'clock in the morning, which Appellant later claimed to be the result of state employee negligence. As a result, he was taken to the Baptist Memorial Hospital in Nashville, Tennessee, for observation and was released [from the hospital] on August 19, 2001.

***Turner***, 2004 WL 1196102, at *1.

On or about March 7, 2002, Appellant filed a complaint in the Chancery Court of Lauderdale County ("Chancery Court") based on the state employee's alleged medical negligence.[1] Apparently, this lawsuit was later dismissed.[2]

On February 25, 2003, Appellant filed a claim against the State of Tennessee ("State") with the Tennessee Division of Claims Administration, based on the same allegation of state employee medical negligence. On May 29, 2003, Appellant's administrative claim was transferred from the Tennessee Division of Claims Administration to the Tennessee Claims Commission ("Claims Commission") pursuant to Tennessee Code Annotated § 9-8-402(c).

On September 9, 2003, the State filed a motion to dismiss, alleging that Appellant's claim was barred by the one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(1), and that Appellant's claim did not fall within the jurisdictional categories eligible for transfer under Tennessee Code Annotated § 9-8-307. The Appellant prisoner argued that the statute of limitations should have been tolled by the lawsuit erroneously filed in the Chancery Court. The State maintained, however, that the filing of an action in state court does not toll the running of the statute of limitations when the Attorney General did not agree to the transfer from Chancery Court to the Claims Commission. ***See Locust v. State***, 912 S.W.2d 716, 717-19 (Tenn. Ct. App. 1995). On November 10, 2003, the Claims Commission dismissed Appellant's claim, stating that "[s]ince there was no agreement [for the transfer] by the Attorney General [as is required under Section 9-8-

---

[1]Though the Chancery Court complaint is not included in the record on appeal, the Tennessee Claims Commission found that Appellant in fact filed a complaint in the Lauderdale County Chancery Court.

[2]In his appellate brief, Appellant asserts that the Chancery Court lawsuit was dismissed on January 29, 2003, but this information is not in the appellate record.

307(i)(1)], the Claimant cannot rely upon the filing of the complaint in Lauderdale County to toll the running of the statute of limitations." *See Turner*, 2004 WL 1196102, at \*1.

Appellant, acting *pro se*, appealed to this Court, arguing that the Claims Commission erred in dismissing his claim. *Id.* On May 27, 2004, this Court reversed the dismissal of Appellant's claim, noting that Tennessee Code Annotated § 9-8-307(i) provides that some cases filed in the wrong court may be transferred to the Division of Claims Administration, and that the "statute no longer requires an agreement with the Attorney General before a transfer." On this basis, the appellate court reversed the Claims Commission's dismissal and remanded for further proceedings. *Id.* at \*2.

On June 7, 2004, the State filed a petition for rehearing in the appellate court, asserting that the Chancery Court action was ineligible for transfer and, therefore, the statute of limitations was not tolled by the filing of the Chancery Court lawsuit. On June 22, 2004, this Court entered an order denying the petition to rehear, stating, "Defendant-Appellee has filed a thoughtful petition to rehear raising grounds which more properly should be addressed to the trial tribunal on remand."

On July 15, 2004, before mandate issued, the State filed with the Claims Commission a motion to dismiss the Appellant prisoner's claim on the basis asserted in the petition to rehear. On August 18, 2004, the Claims Commission sent a letter to Appellant informing him of his duty to respond, and giving him until August 30, 2004, to file his response. On September 2, 2004, mandate issued. On September 15, 2004, the State filed another motion to dismiss identical to the July 15, 2004 motion. Appellant did not file a response to either of the State's motions.[3]

On September 19, 2004, the Claims Commission entered an order again dismissing Appellant's claim. The Claims Commission stated:

> [Section] 9-8-307(i)(1) was amended in 1998 and no longer requires an agreement with the Attorney General prior to a transfer from circuit court. However, the 1998 amendments also severely limit the class of cases eligible for transfer. The new statutory language reads as follows:
>
> > Claims that were filed against a state employee with a court of competent jurisdiction *and that fall within the jurisdiction of the claims commission found in subsection (a)(1)(A) shall be dismissed as to the state employee and transferred* to the division of claims administration to proceed as a claim against the state . . . § 9-8-307(i)(1) (Emphasis added).

---

[3] Appellant contends that the Claims Commission failed to give him an adequate time to respond after the second motion to dismiss. Appellant, however, does not indicate how the State's filing of two identical motions, one before mandate was issued and one after, precluded him from responding, nor does he identify any argument that he was prevented from proffering to the trial court based on time constraints. Under these circumstances, we must conclude that any error by the Claims Commission in this regard was harmless.

Subsection (a)(1)(A) includes only cases alleging "negligent operation or maintenance of a motor vehicle or any other land, air or sea conveyance" by a state employee.

The gravamen of Mr. Turner's claim is that he passed out and suffered convulsions after taking medication prescribed by a state employee. There is no allegation involving the negligent operation or maintenance of a motor vehicle or other conveyance. Thus, Claimant's filing of an action in the Chancery Court of Tennessee for Lauderdale County did not toll the statute of limitations.

The date of Mr. Turner's alleged injury is August 18, 2001. He filed his claim in February, 2003. It is clear, therefore, that the statute of limitations had expired prior to the filing of the claim with the Divisions of Claims Administration.

Thus, the Claims Commission found that Appellant's Chancery Court lawsuit did not "fall within the jurisdiction of the claims commission found in subdivision (a)(1)(A)" and, therefore, was not eligible for transfer to the Claims Commission. On this basis, the Claims Commission determined that the filing of the Chancery lawsuit did not toll the statute of limitations for filing an administrative claim. Appellant, still *pro se*, appeals once again.

We review a direct appeal from the Tennessee Claims Commission in accordance with the Tennessee Rules of Appellate Procedure. *Crew One Prods., Inc. v. State*, 149 S.W.3d 89, 92 (Tenn. Ct. App. 2004); *see* Tenn. Code Ann. § 9-8-403(a)(1) (1999). The sole issue presented in this appeal is a question of law. Therefore, our review is *de novo*, with no presumption of correctness afforded to the decision of the Claims Commission. *Crew One Prods.*, 149 S.W.3d at 92.

On appeal, Appellant argues that the Claims Commission erred in determining that the one-year statute of limitations was not tolled by the filing of his Chancery Court lawsuit. He notes that Tennessee Code Annotated § 16-1-116 provides that, when a lawsuit is filed in a state or county court that lacks jurisdiction, the court shall transfer the case to the proper court, and the case should proceed as if it were filed in the proper court as of the date of the original filing. The Appellant prisoner contends that his lawsuit could have been transferred to the Claims Commission under this statute, and that therefore the one-year statute of limitations should be deemed to have been tolled during this period.

The statute upon which Appellant relies, Section 16-1-116, states:

Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court in which the action or appeal could have been brought at the time it was originally filed*. Upon such a transfer, the action or appeal

shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116 (Supp. 2004) (emphasis added). This statute indeed provides that a trial court may transfer a case that was incorrectly filed "to any other such court in which the action or appeal could have been brought," when the trial court determines that the interests of justice would be served by such a transfer. Transfer pursuant to this section is not, however, automatic; rather, the trial court determines, in its discretion, whether the transfer is warranted.[4] *See Elliot v. Akey*, No. E2004-01478-COA-R3-CV, 2005 WL 975510, at *3 (Tenn. Ct. App. Apr. 27, 2005).

While Section 16-1-116 applies generally to cases incorrectly filed in one court which may be transferred to another court, Tennessee Code Annotated § 9-8-307 applies specifically to the transfer of claims from a court to the Claims Commission. It is a common rule of statutory construction that "[s]pecific statutory provisions control over conflicting general provisions." *Arnwine v. Union County Bd. of Educ.*, 120 S.W.3d 804, 809 (Tenn. 2003). "[W]here the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision." *Id.* (quoting *Woodroof v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn. 1946)). Section 9-8-307 specifically addresses the transfer of cases to the Claims Commission that were erroneously filed "with a court of competent jurisdiction," and therefore directly addresses the facts presented in this case. Consequently, we conclude that the more general statute, Section 16-1-116, is inapplicable.

We now consider the language in Section 9-8-307 to determine whether the Claims Commission erred in dismissing Appellant's claim as untimely. In *Locust*, *supra*, a prisoner filed a claim for legal malpractice against the State, within the one-year time limitation, in the local circuit court rather than with the proper division of the Tennessee Claim Commission. The circuit court did not transfer the case to the Claims Commission, however, because the requirements of Section 9-8-307(i)(1) had not been met.[5] The plaintiff subsequently filed a claim with the Claims Commission, but it was filed after the one-year limitations period had expired. *Locust*, 912 S.W.2d at 718. The Claims Commission dismissed the claim as untimely, and the plaintiff appealed. This Court held that, since the circuit court in which the case was originally filed did not transfer the case because it did not meet the criteria in Section 9-8-307(i)(1), the plaintiff could not rely on the filing of the circuit court lawsuit to toll the statute of limitations.

---

[4] There is no indication in the record as to whether the Appellant prisoner sought such a transfer of his Chancery lawsuit.

[5] As noted in the earlier appeal in this case, the statutory provision formerly required an agreement of the parties and the consent of the Attorney General before cases could be transferred from a court to the Claims Commission. *Turner*, 2004 WL 1196102, at *2.

Here, Appellant appears to contend that his Chancery Court lawsuit met the criteria for transfer under Section 9-8-307(i)(1), and that therefore the statute of limitations applicable to his claim should have been tolled by the filing of that lawsuit. As noted by the Claims Commissioner, however, Section 9-8-307 formerly provided that claims erroneously filed in a court of competent jurisdiction "that fall within the jurisdiction of the [Claims Commission] *found in subsection (a)* may be transferred to the division of claims administration . . . ." Tenn. Code Ann. § 9-8-307(i)(1) (1987) (emphasis added). Subsection (a) then listed all of the types of claims over which the Claims Commission had jurisdiction, including claims for negligence and professional malpractice. After the 1998 amendment, however, the transfer provision allowed a transfer from a court to the Claims Commission only if the case fell "within the jurisdiction of the [Claims Commission] *found in subsection (a)(1)(A)*." Tenn. Code Ann. § 9-8-307(i)(1) (1999) (emphasis added). Subsection (a)(1)(A), only one category of claims, provides that the Claims Commission has jurisdiction over matters involving "[t]he negligent operation or maintenance of any motor vehicle or any other land, air, or sea conveyance." *Id.* It is undisputed that the instant case is based solely on medical negligence, and does not involve the negligent operation of a motor vehicle or other land, air, or sea conveyance. Therefore, even if Appellant had requested such a transfer, Section 9-8-307(i)(1) would not have authorized the Chancery Court to transfer Appellant's lawsuit to the Claims Commission. Accordingly, as in *Locust*, the request would not have been granted for failure to meet the criteria of Section 9-8-307(i)(1), and consequently the filing of the Chancery lawsuit did not toll the statute of limitations. *See Locust*, 912 S.W.2d at 719. Therefore, we find no error in the decision of the Claims Commission dismissing the Appellant's claim as untimely. Other issues raised by Appellant are pretermitted by our decision.

The decision of the Tennessee Claims Commission is affirmed. Costs on appeal are to be taxed to Appellant Author R. Turner, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE