IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2007 Session

## TERRANCE N. CARTER v. RICKEY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3766     Monte Watkins, Judge**

_____

**No. M2006-01363-CCA-R3-HC - Filed September 21, 2007**

_____

The petitioner, Terrance N. Carter, pro se, filed a petition for habeas corpus relief in Davidson County which was summarily dismissed. He appealed pro se and was appointed counsel by this court. His pro se filing challenges whether the trial court erred in dismissing his petition without an evidentiary hearing. His appointed counsel requests that his habeas corpus petition be treated as one for post-conviction relief and that this court order the Davidson County Court to transfer the matter to the Maury County Criminal Court to proceed as if the petition was for post-conviction relief. We conclude that, without express authority, we should not order a transfer in this case, and the summary dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Terrance N. Carter, Nashville, Tennessee, Pro Se, and Peter D. Heil, Nashville, Tennessee, for the appellant, Terrance N. Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This cause arises after the defendant pled guilty in Maury County Criminal Court to possession of less than 0.5 gram of cocaine with intent to sell, a Class C felony. The defendant

received an agreed sentence of seven years as a Range I, standard offender, to be served consecutive to a sentence he was "currently serving."[1]

It appears, upon this record, that appointed appellate counsel did not wish to waive the issues raised by the defendant's pro se brief. Accordingly, we will address all issues presented.

First, we consider whether the trial court erred by dismissing the habeas corpus petition without an evidentiary hearing and the appointment of counsel. There is no federal or state constitutional right of counsel for habeas corpus proceedings. See T.C.A. § 40-14-204. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." T.C.A. § 29-21-101. However, the burden is on the petitioner to establish by a preponderance of the evidence that the challenged judgment is void or that a term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). A trial court may grant a writ of habeas corpus only "when it appears upon the face of the judgment or the record of proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a petitioner, or that a petitioner's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) quoting Archer v. State, 851 S.W.2d 157, 158 (Tenn. 1993).

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109. If the petition fails on its face to state a cognizable claim for a writ of habeas corpus, the trial court may then summarily dismiss the petition. See State ex. rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (1964).

The petitioner's primary argument is that his judgment is void because he received a sentence outside the range for a Range I, standard offender. The petitioner pled guilty to a Class C felony. A Range I, standard offender convicted of a Class C felony has a range of incarceration of not less than three years nor more than six years, and his release eligibility date is computed at thirty percent. T.C.A. § 40-35-111(b)(3). Here, the petitioner agreed to a seven-year sentence with a release eligibility date of thirty percent. In other words, he bargained for a Range II sentence with a Range I release eligibility date. Our supreme court has held that issues of "offender classification and release eligibility" are "non-jurisdictional." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); see also Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997) (holding that a plea-bargained Range II sentence is valid when coupled with a Range I release eligibility). So-called hybrid sentences, sentences containing mixed offender classification for length of sentence and release eligibility, will be enforced so long as the length of the sentences imposed do not exceed the maximum allowable for a particular felony. McChristian v. State, 159 S.W.2d 608, 611 (Tenn. Crim. App. 2004). Here, the maximum sentence is fifteen years. Accordingly, the agreed sentence in this case is legal and proper.

---

[1] Judgments to be served consecutively or concurrently should include information that identifies the court, case number, conviction, and sentence.

Next, we consider the petitioner's request to treat his habeas corpus petition as one for post-conviction relief and to order the Davidson County Court to transfer this case to Maury County. The State argues that this court is without jurisdiction to make a transfer.

The petitioner argues that he filed his petition within the one-year post-conviction statute of limitations and that a wrongly-styled habeas corpus petition should not deprive the petitioner of his one bite at the post-conviction apple.

Tennessee Code Annotated section 29-21-105 provides that the filing of an application for writ of habeas corpus "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tennessee Code Annotated section 40-30-104 provides: "A post-conviction proceeding is commenced by filing, with the clerk of the court in which the conviction occurred, a written petition naming the state as the respondent." Tennessee Code Annotated section 40-30-115(c) provides: "A petition for habeas corpus may be treated as a petition under this part when the relief and procedure authorized by this part appear adequate and appropriate, notwithstanding anything to the contrary in title 29, chapter 21, or any other statute."

It is clear, through reading these three statutes, that the legislature required filing a petition for habeas corpus relief in one court, that most convenient in point of distance to the applicant, and in post-conviction cases in another court, that in which the conviction occurred. The legislature further provided that, if a petition for habeas corpus relief was filed in the court in which the conviction occurred, it was discretionary with that court whether to treat the habeas filing as a petition for post-conviction relief, but was not required to do so. See T.C.A. § 40-30-105(c); see also Ray v. State, 489 S.W.2d 849 (1972 Tenn. Crim. App).

There is no authority in the habeas corpus statutes that allows the same result. The question, therefore, is whether the court most convenient in point of distance to the petitioner must transfer the habeas corpus petition to the court in which the conviction occurred so that it may be treated as a post-conviction case.

Our supreme court, in clear and concise language, proclaimed in Norton v. Everhart, 895 S.W.2d 317, 320 (Tenn. 1995), "that a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." 895 S.W.2d at 320.

The petitioner points out that this court, without citation to any statutory authority, has reached different results in similar cases. In Manny T. Anderson v. State, No. M2004-02116-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 255, at *10 (Tenn. Crim. App. at Nashville, Mar. 23, 2006), a panel of this court affirmed the Wayne County Circuit Court's denial of habeas corpus relief but directed the Wayne County Circuit Court Clerk to transfer the case to Davidson County Criminal Court for docketing as a post-conviction matter.

-3-

In contrast, State v. Charles Damien Darden, No. W2001-01833-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 126, at *6 (Tenn. Crim. App. at Jackson, Feb. 12, 2007), held that the Lake County Court did not have jurisdiction over post-conviction issues from a Robertson County conviction and that the Lake County court was without authority to transfer those issues to Robertson County.

The petitioner requests that we construe Tennessee Code Annotated section 16-1-116 as allowing a transfer in the instant case. Tennessee Code Annotated section 16-1-116 provides:

Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

The State, on the other hand, argues that Tennessee Code Annotated section 16-1-116 applies only to "original civil action" and not to quasi-civil, quasi-criminal, or hybrid affairs. The State correctly points out that state case law has not defined proceedings initiated under the Post-Conviction Procedure Act as purely civil or criminal in nature. See Watkins v. State, 903 S.W.2d 302, 304 (Tenn. 1995); see also State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989) ("post-conviction proceedings are criminal in nature"); State v. Ronnie Calvin Styles, No. 03S01-9108-CR-67, 1993 Tenn. Crim. App. LEXIS 24, at *8, (Tenn. Jan. 25, 1993) (". . . there has been a blur in the definition between civil and criminal cases heard under the provisions of the Post-Conviction Procedure Act.").

We are not persuaded that Tennessee Code Annotated section 16-1-116 applies in this situation. A common rule of statutory construction provides "[s]pecific statutory provisions control over conflicting general provisions." Turner v. State, 184 S.W.3d 701, 705 (Tenn. Crim. App. 2005) (quoting Arnwine v. Union County Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003)). Post-conviction proceedings are governed specifically by Tennessee Code Annotated section 40-30-101 et seq., and habeas corpus actions are governed specifically by Tennessee Code Annotated section 29-21-119. We feel constrained by the holding in Norton that, absent authority specifically conferred by statute, rule, or constitutional provision, we are not authorized to order a transfer upon this record.

-4-

Conclusion

Without specific authority, we are unable to order a transfer in this case, and the summary dismissal is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE