# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 25, 2007

## STATE OF TENNESSEE v. TERESA L. HERMAN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1223     Mark Fishburn, Judge**

---

**No. M2006-01384-CCA-R3-CD -Filed November 5, 2007**

---

The defendant, Teresa L. Herman, pled guilty to possession of marijuana and driving under the influence (DUI).  For each offense, she was sentenced to eleven months and twenty-nine days, to be served consecutively.  The sentences were to be suspended after the defendant served forty-eight hours in a jail or workhouse as required by Tennessee Code Annotated section 55-10-401(a)(1) (2004).  At the defendant's request, the trial court granted the defendant jail credit for time she spent during an inpatient evaluation for competency to stand trial, which credit was to apply toward the mandatory service of forty-eight hours in a jail or workhouse.  On appeal, the State challenges the trial court's authority to grant such credit.  Upon review of the record and the parties' briefs, we conclude that the defendant was entitled to sentencing credit to be applied toward the satisfaction of her sentence; however, the credit should not have applied toward the mandatory service of forty-eight hours in the jail or workhouse.  Therefore, we must remand to the trial court for further proceedings consistent with this opinion.

**Appeal Pursuant to Tenn. Code Ann. § 27-8-101;[1] Judgments of the Criminal Court are Affirmed in Part, Reversed in Part; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. Kelly Thomas, Jr., J., joined.  JERRY L. SMITH, J., filed a dissenting opinion.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Michel Claire Bottoms, Assistant District Attorney General, for the appellant, State of Tennessee.

Bernard F. McEvoy (on appeal) and Ana Escobar (at trial), Nashville, Tennessee, for the appellee, Teresa L. Herman.

---

[1] In this opinion, this court determined that the State's appeal failed to qualify as an appeal as of right pursuant to Rule 3, Tennessee Rule of Appellate Procedure, but we have decided that this court should review the appeal as a writ of certiorari pursuant to Tennessee Code Annotated section 27-8-101.

**OPINION**

## I. Factual Background

In April 2004, the defendant was indicted for possession of marijuana; possession of drug paraphernalia; DUI, second offense; and violation of the implied consent law. On June 10, 2005, the trial court entered an order, stating that the defendant had requested she be sent to Vanderbilt Mental Health Center for an evaluation to determine her competency to stand trial and her mental state at the time of the offenses. The trial court granted the defendant's request and ordered the evaluation.

On July 14, 2005, Dr. Kimberly P. Brown of the Vanderbilt University Medical Center wrote the trial court a letter, explaining that she was unable to determine based upon the outpatient evaluation the defendant's competency to stand trial or her mental state at the time of the offenses. Therefore, Dr. Brown recommended that the defendant be sent for an inpatient evaluation "at a Regional Mental Health Institute such as the Civil Side of Middle Tennessee Mental Health Institute (MTMHI)." On September 26, 2005, based upon Dr. Brown's recommendation, the trial court ordered that the defendant be sent to "Regional Mental Health" for further evaluation.

On May 26, 2006, the defendant pled guilty to possession of marijuana and DUI, first offense, both Class A misdemeanors. As part of the plea agreement, the appellant received a sentence of eleven months and twenty-nine days for each conviction, to be served consecutively. The plea agreement also provided that all but forty-eight hours of her sentences was suspended, comporting with the mandate of the DUI statute. See Tenn. Code Ann. § 55-10-401(a)(1) (2006). At the plea hearing, defense counsel stated:

> Your Honor, one thing we wanted to ask the Court. Judge Norman ordered her to go get evaluated at MTMHI, she came back competent. She was there for two weeks. . . . Is there anyway the Court would consider those two weeks as part of that 48 hours?

The State objected, noting that the DUI statute mandates that a DUI offender must serve forty-eight hours in the county jail or workhouse. The trial court responded:

> I understand what the statute says. But if a person is picked up and they're in jail and their attorney or the Court deems that an evaluation is appropriate and then they just plead guilty to an offense, say a drug case, do they get credit for that time at MTMHI?
>
> . . . .
>
> I'm going to give her credit for it.

-2-

. . . .

> I think that it could be considered treatment, but it's an involuntary confinement and it far exceeded the 48 hours, I'm going to give her the benefit of it.

On appeal, the State challenges the trial court's ruling.

## II. Analysis

### A. Authority for Appeal

Initially, we note that the State originally filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. However, in their appellate brief, the State acknowledges that the State does not have an appeal as of right under Rule 3 for the instant matter; instead, the State contends that the proper procedure was to file for a "common-law writ of certiorari as provided for by Tenn. Code Ann. § 27-8-101." Therefore, the State requests that this court transform the appeal improperly filed under Rule 3 into a proper petition for writ of certiorari.

Rule 3 provides:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(c). Thus, the plain language of the statute allows the State an appeal in only six limited circumstances, to the exclusion of all others. State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002). As the State acknowledges, the instant appeal does not fall under any of the limited means available for a direct appeal by the State; accordingly, we conclude that the instant case does not fall within the purview of Rule 3.

However,

> [a] writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred,

or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101. While the writ has limited application not normally allowing inquiry into the correctness of a judgment of a court with jurisdiction, "an appellate court is within its province to grant a writ of certiorari '[w]here the action of the trial court is without legal authority.'" Adler, 92 S.W.3d at 401 (quoting State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978)).

In the instant case, the State's complaint turns upon whether the trial court was without legal authority to credit the defendant for time served during an inpatient evaluation for competency and whether the trial court had the authority to apply that credit toward the mandatory service of forty-eight hours in the jail or workhouse as required by Tennessee Code Annotated section 55-10-403(a)(1). As such, we will "treat the State's appeal as that of a writ of certiorari." Adler, 92 S.W.3d at 401.

### B. Sentencing Credits

In the instant case, the State complains that the trial court was without authority to "provid[e] for time served based upon the defendant's participation in a treatment facility." Initially, we note that the record clearly reflects that the defendant was not housed in a "treatment facility"; instead, she was subject to an inpatient evaluation for competency to stand trial. See Tenn. Code Ann. § 33-7-301(a)(1) (2001) (stating that if outpatient evaluation is insufficient, the trial court may order hospitalization of an offender for further evaluation). However, the crux of the State's appellate argument is that a first time DUI offender is statutorily required to serve a minimum of forty-eight hours in "a county jail or workhouse"; thus, the State complains that the time the defendant spent in the MTMHI should not count toward the forty-eight hours a defendant is required to spend in the jail or workhouse. Therefore, we must examine whether the defendant is entitled to sentencing credits, specifically toward the forty-eight-hour confinement requirement, for time spent during an inpatient evaluation.

The defendant contends that she is entitled to sentencing credits for time spent during an inpatient evaluation for competency to stand trial. As support for this position, the defendant cites Tennessee Code Annotated section 33-7-102(a) (2001), which statute provides that "[w]henever a person . . . receives evaluation or treatment services under this chapter in connection with a criminal charge or conviction, wherever incarcerated, the person shall receive credit toward the satisfaction of the sentence for the time spent in the custody of the commissioner." Tennessee Code Annotated section 33-7-301(a)(1) provides that when an offender is subjected to an inpatient evaluation for competency, he or she is in the "custody of the commissioner." Thus, the clear meaning of the statute leads us to conclude that as the defendant was in the custody of the commissioner for the length of her inpatient evaluation. Tennessee Code Annotated section 33-7-102(a) provides that the defendant would be entitled to sentencing credits toward the satisfaction of her sentence(s).

However, our legislature has mandated that an offender convicted of first offense DUI "shall be confined in the county jail or workhouse for not less than forty-eight (48) hours." Tenn. Code Ann. § 55-10-403(a)(1) (2004). Clearly, mandating the service of forty-eight hours in the county jail and workhouse demonstrates the legislative intent to punish an offender who shows a disregard for the safety of our roadways. To that end, our supreme court has previously observed that "[t]he purpose of [the DUI] statutes is 'to remove from the highway, prosecute, and punish those who engage in the dangerous menace of driving under the influence.'" State v. Collins, 166 S.W.3d 721, 726 (Tenn. 2005) (quoting State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995)). "Indeed, the statutory requirement of mandatory minimum sentences to confinement for DUI offenses reflects a legislative policy that alcohol-related driving offenses should be viewed as serious offenses." State v. Michael Kevin Mitchell, No. 03C01-9208-CR-00259, 1993 WL 310309, at *3 (Tenn. Crim. App. at Knoxville, Aug. 16, 1993).

When examining statutes,

> [i]t is a common rule of statutory construction that "[s]pecific statutory provisions control over conflicting general provisions." Arnwine v. Union County Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003). "[W]here the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision." Id. (quoting Woodroof v. City of Nashville, 192 S.W.2d 1013, 1015 (1946)).

Turner v. State, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005). Moreover, clear and unambiguous statutory language is applied according to "the plain language in its normal and accepted use." Boarman v. Jaynes, 109 S.W.3d 286, 291 (Tenn. 2003). In other words, we presume that the legislature says what it means and means what it says.

Further, "[t]his Court presumes that the General Assembly used each word in a statute deliberately, and that the use of each word conveys a specific purpose and meaning. Accordingly, we 'must give effect to every word, phrase, clause, and sentence in constructing a statute.'" State v. Danny Strode, __ S.W.3d __ , No. M2005-00906-SC-R11-DD, 2007 WL 2316355, at *9 (Tenn. at Nashville, Aug. 14, 2007) (quoting State v. Jennings, 130 S.W.3d 43, 46 (Tenn. 2004)) (citations omitted). Notably, the words of a statute "should be given full effect if so doing does not violate the obvious intention of the Legislature." Marsh v. Henderson, 424 S.W.2d 193, 196 (Tenn. 1968). Finally, our supreme court has explained that "[w]hen resolving statutory conflicts, [we] strive[] to give effect to the legislative intent and to adopt a reasonable construction of the statutes that avoids conflict, allowing for harmonious operation of the laws." State v. Davis, 173 S.W.3d 411, 414 (Tenn. 2005).

In our view, the only harmonious reading of Tennessee Code Annotated sections 33-7-102(a) and 55-10-403(a)(1) leads us to conclude that the defendant is entitled to "sentencing credits *toward*

*the satisfaction of the sentence*" for the time spent during her inpatient evaluation for competency. Tenn. Code Ann. § 33-7-102(a) (emphasis added). That is, she is entitled to credits toward the satisfaction of her two sentences of eleven months and twenty-nine days.[2] However, the defendant is not entitled to have the credits apply toward the mandatory service of forty-eight hours in the jail or workhouse. In our view, the legislature was explicit and uncompromising in imposing minimum mandatory confinements in the jail or workhouse for DUI offenders; thus, any other reading of the statute would do violence to legislative intent, broadening a statute the legislature saw fit to narrow. See Marsh, 424 S.W.2d at 196. Therefore, to honor the legislative intent of confining DUI offenders for a minimum amount of time *in the county jail or workhouse*, we must conclude that the defendant is not entitled to credit toward the mandatory service of forty-eight hours in the jail or workhouse for time served during an inpatient evaluation for competency.[3]

### III. Conclusion

Accordingly, we affirm the trial court's grant of sentencing credits, but we reverse the trial court's grant of sentencing credits toward the satisfaction of the defendant's mandatory service of forty-eight hours in the jail or workhouse. Therefore, we must remand to the trial court for further proceedings consistent with this opinion.

_____

NORMA McGEE OGLE, JUDGE

---

[2] As these sentences are to be served consecutively, the defendant is clearly entitled to credit toward the satisfaction of only one of the sentences.

[3] Notably, our courts have previously allowed the mandatory service of forty-eight hours in a jail or workhouse to be satisfied with pretrial jail credits. State v. Kain, 24 S.W.3d 816, 820 (Tenn. Crim. App. 2000). However, this court has refused to allow good conduct sentence credits to apply toward the satisfaction of the mandatory minimum confinement in a jail or workhouse set by Tennessee Code Annotated section 55-10-401(a)(1). State v. Clark, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). Moreover, this court has also curtailed the application of jail credit toward a DUI mandatory minimum confinement in a jail or workhouse based upon time spent in rehabilitation. See State v. Morrow, 778 S.W.2d 63, 65 (Tenn. Crim. App. 1989); State v. Bette J. Watson, No. 01C01-9707-CC-00279, 1998 WL 485508, at *1(Tenn. Crim. App. at Nashville, Aug. 18, 1998); State v. Mary Jodella Pounds, No. 03C01-9710-CC-00448, 1998 WL 748654, at *4 (Tenn. Crim. App. at Knoxville, Oct. 21, 1998).