IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2019

## CHAD JAMES POWELL v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C-3223          Hamilton V. Gayden, Jr., Judge**

_____

### No. M2018-01677-COA-R3-CV

_____

An inmate in the custody of the Tennessee Department of Correction ("TDOC") filed this action in the Circuit Court for Davidson County seeking monetary damages from the State of Tennessee for injuries caused by "negligent acts or omissions" of TDOC employees acting "within the scope of their employment" in regard to a prison disciplinary hearing. The State filed a motion to dismiss the complaint on the ground the trial court lacked subject-matter jurisdiction because the Tennessee Claims Commission had exclusive jurisdiction over the inmate's monetary claims. The inmate responded by filing a motion to transfer the case to the Claims Commission. The trial court denied the motion to transfer and dismissed the case for lack of subject-matter jurisdiction. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON II and KENNY W. ARMSTRONG, JJ., joined.

Chad James Powell, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Charlotte Montiel Davis, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, Tony Parker, Kevin Genovese, Stacy Oakes, Calvin Lewis, Josh Pashcall, Timothy Thomas, Dustin Mackin, Jimmie Baugus, Denny Quillen, Amy Burkhart, and Joseph Gilbert.

# MEMORANDUM OPINION[1]

At all times relevant to the issues raised in the complaint, Chad James Powell ("Plaintiff") was in the custody of the TDOC, confined at the Turney Center Industrial Complex in Only, Tennessee. The defendants named in the complaint include the TDOC, the warden and deputy warden at the Turney Center, and several correctional officers and employees of TDOC. The complaint alleges that the TDOC employees caused Plaintiff "injury by gross negligent acts or omissions within the scope of their employment" in the handling of Plaintiff's prison disciplinary hearing on April 25, 2017.[2] As compensation for his alleged damages, Plaintiff seeks to recover $90,000.

Following some earlier motions and rulings that have no bearing on this appeal, the State filed a motion to dismiss for lack of subject-matter jurisdiction. Plaintiff opposed the motion and filed a motion to transfer the case to the Tennessee Claims Commission. The trial court denied the motion to transfer and dismissed the case. This appeal followed.

## ANALYSIS

The issues presented are whether the trial court erred by dismissing the complaint for lack of subject-matter jurisdiction and by not transferring the case to the Tennessee Claims Commission. These issues involve the construction and application of statutes to the facts of this case and are questions of law. *Wallace v. Metro. Gov't of Nashville and Davidson Cty.*, 546 S.W.3d 47, 52 (Tenn. 2018). We review a trial court's conclusions of law pursuant to the de novo standard of review without any presumption of correctness. *Sallee v. Barrett*, 171 S.W.3d 822, 825 (Tenn. 2005). We also review the issue of subject-matter jurisdiction de novo without a presumption of correctness. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712–13 (Tenn. 2012).

---

[1] Tennessee Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] All of the allegations against the individual defendants were for "negligent acts or omissions within the scope of their employment" concerning the handling of Plaintiff's prison disciplinary hearing. Therefore, the State of Tennessee was the only proper defendant because "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment." Tenn. Code Ann. § 9-8-307(h).

I.

Whether the trial court had subject-matter jurisdiction over the underlying claim is controlled by Tennessee's doctrine of sovereign immunity, which arises from its constitution. Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Based upon this constitutional provision, no civil action against the State may be sustained absent express authorization from the Tennessee General Assembly. *Smith v. Tennessee Nat. Guard*, 387 S.W.3d 570, 575 (Tenn. Ct. App. 2012) (citing *Greenhill v. Carpenter*, 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986)); *see also Chumbley v. State*, 192 S.W.2d 1007, 1008 (Tenn. 1946) ("[A] suit against the State of Tennessee . . . is barred by Article I, section 17 of Constitution [when] it is not brought in such manner as the Legislature has directed." (citations omitted)).

The Claims Commission "has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of 'state employees' . . . falling within [statutorily defined] categories." Tenn. Code Ann. § 9-8-307(a)(1). Therefore, as a general rule, claims for monetary damages against the State may be heard only by the Claims Commission. *See id*. Additionally, Tenn. Code Ann. § 20-13-102(a) imposes the following restraint on our courts concerning such claims:

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Plaintiff's claim does not fall outside of the categories listed under Tenn. Code Ann. § 9-8-307(a)(1); therefore, the Claims Commission has exclusive jurisdiction over Plaintiff's monetary claims against the State of Tennessee. For this reason, the trial court had no power, jurisdiction, or authority to entertain Plaintiff's monetary claim against the State. *See* Tenn. Code Ann. § 20-13-102(a). Therefore, the trial court correctly determined that it did not have subject-matter jurisdiction over the claims.

II.

This leaves the question of whether the trial court had the authority to transfer the case to the Claims Commission. Plaintiff contends the trial court abused its discretion by not transferring the case as it was authorized to do pursuant to Tenn. Code Ann. § 16-1-

116.[3] Relying on Tenn. Code Ann. § 9-8-307 and *Turner v. State*, 184 S.W.3d 701 (Tenn. Ct. App. 2005), the State contends the trial court did not have the discretion to transfer the case to the Claims Commission.

As the State correctly notes in its brief, the relevant statutes and rules regarding transferring cases are Tenn. Code Ann. §§ 9-8-307(i) and 16-1-116 and Davidson County Local Rule 3.04. While Local Rule 3.04 authorizes the presiding judge to transfer a case "from one court to another or from one division to another," it provides no authority to transfer a case to the Claims Commission. Nevertheless, Tenn. Code Ann. § 16-1-116 authorizes the transfer of certain cases:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Although Tenn. Code Ann. § 16-1-116 applies generally to the transfer of cases filed in the wrong court, Tenn. Code Ann. § 9-8-307(i)(1) applies specifically to the transfer of claims from a court to the Claims Commission. The more specific transfer statute reads:

> Claims that were timely filed against a state employee with a court of competent jurisdiction and that fall within the jurisdiction of the claims commission found in subdivision (a)(1)(A) shall be dismissed as to the state employee and transferred to the division of claims and risk management to proceed as a claim against the state; **provided, that the state employee alleged to have acted negligently was, at the time of the incident giving**

---

[3] Plaintiff also relied on Tenn. Code Ann. § 41-21-803, which states: "Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department or in a facility operated by a private corporation pursuant to a contract with the state or local government shall be brought in the county in which the facility is located." We find Plaintiff's reliance on this statute misplaced because it merely establishes the venue for an action for which a court has subject-matter jurisdiction. More importantly, the statute does not afford our courts subject-matter jurisdiction over monetary claims against the State of Tennessee.

**rise to the claim, operating a private motor vehicle within the scope of the employee's office or employment, and the employee's action or inaction was not willful, malicious, criminal or done for personal gain**. . . . Such transfer shall be affected upon an order of dismissal and transfer from the court. . . . This subsection (i) shall be effective for causes of action arising on or after July 1, 1995, pending on or after April 22, 1998, and causes of action arising on or after April 22, 1998.

Tenn. Code Ann. § 9-8-307(i)(1) (emphasis added).

The apparent conflict between these two statutes was at issue in *Turner*, the decision the State relies on in this appeal. In *Turner*, the appellant contended that his chancery court lawsuit met the criteria for transfer under Tenn. Code Ann. § 9-8-307(i)(1). 184 S.W.3d at 706. As the *Turner* court noted, Tenn. Code Ann. § 9-8-307 formerly provided that claims erroneously filed in a court of competent jurisdiction "that fall within the jurisdiction of the [Claims Commission] found in subsection (a) may be transferred to the division of claims administration." *Id*. (quoting Tenn. Code Ann. § 9-8-307(i)(1) (1987)). Significantly, however, that provision was amended in 1998 to allow a transfer from a court to the Claims Commission only if the case fell "within the jurisdiction of the [Claims Commission] found in subsection (a)(1)(A)." *Id*. (quoting Tenn. Code Ann. § 9-8-307(i)(1) (1999)). As the court explained:

Subsection (a)(1)(A), only one category of claims, provides that the Claims Commission has jurisdiction over matters involving "[t]he negligent operation or maintenance of any motor vehicle or any other land, air, or sea conveyance." **It is undisputed that the instant case** . . . **does not involve the negligent operation of a motor vehicle or other land, air, or sea conveyance**. Therefore, . . . Section 9-8-307(i)(1) would not have authorized the Chancery Court to transfer Appellant's lawsuit to the Claims Commission.

*Id*. (emphasis added) (citation omitted).

Because this cause of action arose after the 1998 amendment and the claim does not pertain to the "negligent operation or maintenance of any motor vehicle or any other land, air, or sea conveyance," Plaintiff's claim is not eligible for transfer to the Claims Commission. *See Turner*, 184 S.W.3d at 704–05. Therefore, we affirm the trial court's decision to deny Plaintiff's request to transfer the case to the Claims Commission.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Chad James Powell, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.