IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2024

## LISA GARRAMONE v. DR. JOE CURTSINGER

**Appeal from the Circuit Court for Williamson County**
**No. 22-CV-602     Joseph A. Woodruff, Judge**

_____

## No. M2023-01010-COA-R3-CV

_____

A petitioner obtained an ex parte temporary order of protection in general sessions court. The respondent counter-petitioned to dismiss under the Tennessee Public Participation Act ("TPPA"). After a hearing, the general sessions court denied the respondent's petition, but it also declined to extend the temporary protective order and dismissed the underlying petition for lack of proof. The respondent appealed the decision on "attorney's fees" to circuit court. After a de novo review, the circuit court determined that the respondent was not entitled to attorney's fees under either the order of protection statute or the TPPA. In this appeal, the respondent challenges denial of his request for attorney's fees under the TPPA. Because the circuit court lacked appellate jurisdiction over the general sessions court's order denying the petition to dismiss under the TPPA, we vacate in part and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

George T. Davis, Brentwood, Tennessee, for the appellant, Joseph Carmon Curtsinger, Jr.

James P. Catalano, Franklin, Tennessee, for the appellee, Lisa Lenahan Garramone.

## OPINION

## I.

Lisa Garramone, a former candidate for public office, filed a petition for an order of

protection from Joseph Curtsinger, Jr.[1]  *See* Tenn. Code Ann. § 36-3-602(a) (2021).  In her petition, Ms. Garramone alleged that Dr. Curtsinger was stalking her.  She claimed he threatened her, made rude and angry comments about her, videotaped her when she appeared in public, spread false information about her to voters, and tried to have her fired from her private employment.  Based on his increasingly aggressive behavior, Ms. Garramone claimed that she was in fear of physical harm.  Finding good cause, a judicial officer issued an ex parte temporary order of protection.  *Id.* § 36-3-605(a) (2021).

Dr. Curtsinger answered the petition and filed a motion to dismiss.  He maintained that his alleged behavior, which occurred during a recent election cycle, was protected by the First Amendment.  *See* U.S. CONST. amend. I; *see also* TENN. CONST. art. I, § 19.  Asserting that Ms. Garramone filed her petition to quell protected speech, he asked the court to dismiss the action and award him attorney's fees under the TPPA.  *See* Tenn. Code Ann. §§ 20-17-101 to -110 (2021).

After a hearing, the general sessions court denied the motion to dismiss.  Finding that Ms. Garramone did not prove her allegations by a preponderance of the evidence, the court also dismissed her petition for an order of protection.

Not content with the win, Dr. Curtsinger appealed the general sessions court's decision on "attorney's fees" to circuit court.  *See id.* § 27-5-108(a)(1) (Supp. 2024); *see also id.* § 36-3-601(3)(A), (F) (2021).  Neither party submitted new evidence in the circuit court, leaving the court to decide the matter based on the proceedings in general sessions court.  Based on this, the circuit court ruled that Dr. Curtsinger was not entitled to an award of attorney's fees under either the TPPA or the order of protection statute.  *See id.* §§ 20-17-107(a) (TPPA), 36-3-617(a)(2) (2021) (order of protection).

## II.

### A.

Dr. Curtsinger now appeals the denial of his request for attorney's fees to this Court.  In essence, he argues that he satisfied the requirements for a mandatory fee award under the TPPA.  Thus, he implicitly challenges the general sessions court's denial of his TPPA petition.  *See id.* § 20-17-107(a) (mandating an award of attorney's fees "[i]f the court dismisses a legal action pursuant to a [TPPA] petition").  By statute, a court order "dismissing or refusing to dismiss a legal action pursuant to a petition filed under [the TPPA] is immediately appealable as a matter of right to the court of appeals."  *Id.* § 20-17-106.  But Dr. Curtsinger opted not to pursue an immediate appeal to this Court.  Instead,

---

[1] Their interactions also prompted other litigation.  *See Garramone v. Dugger*, No. M2023-00677-COA-R3-CV, 2024 WL 4880377 (Tenn. Ct. App. Nov. 25, 2024).

he appealed the decision of the general sessions court to the circuit court. *See id.* §§ 27-5-108(a), 36-3-601(3)(A), (F).

This Court has "exclusive jurisdiction" over the appeal of an order disposing of a TPPA petition "regardless of whether the case is appealed from general sessions or circuit court." *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 667 (Tenn. Ct. App. 2021). So the circuit court lacked appellate jurisdiction to review the general sessions court's denial of Dr. Curtsinger's TPPA petition to dismiss. Because a dismissal under the TPPA was a prerequisite to Dr. Curtsinger's request for attorney's fees, the circuit court also lacked appellate jurisdiction to review the general sessions court's failure to award attorney's fees under the TPPA. *See* Tenn. Code Ann. § 20-17-107(a).

When a general sessions case has been appealed to the wrong court, the case should be transferred to the court having jurisdiction over the appeal. *Id.* §§ 16-1-116, 16-4-108(a)(2) (2021).[2] When that does not occur, the appropriate remedy is to vacate the judgment of the court lacking appellate jurisdiction and remand with directions to transfer the appeal to the proper court. *See In re Est. of Trigg*, 368 S.W.3d 483, 498 (Tenn. 2012); *In re Est. of White*, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001).

We conclude that this remedy remains appropriate even though Dr. Curtsinger has now appealed to this Court. Given the procedural posture of this appeal, our task is limited to reviewing the decision in circuit court. *See In re Est. of White*, 77 S.W.3d at 768 n.6 (recognizing that appellate review is limited to the decision of the court from which the appeal was taken). Further, because we have determined that the circuit court lacked subject matter jurisdiction over the appeal of the general sessions court's denial of the TPPA petition, we must vacate that portion of the circuit court judgment. *See First Am. Tr. Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001). Finally, our supreme court has indicated that the better course of action is to vacate and remand with directions to transfer the appeal to this Court. *See In re Est. of Trigg*, 368 S.W.3d at 498.

## B.

For her part, Ms. Garramone requests an award of attorney's fees for defending against a frivolous appeal. Tenn. Code Ann. § 27-1-122 (2017). A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success." *Davis v. Gulf Ins. Grp.*, 546 S.W.2d

---

[2] Although both statutes authorize the transfer of general sessions appeals filed in the wrong court, our courts typically cite to only one of the two statutes. *Compare In re Est. of Trigg*, 368 S.W.3d at 498 (citing to Tenn. Code Ann. § 16-4-108(a)(2)) *with Nandigam Neurology, PLC*, 639 S.W.3d at 667 (citing to Tenn. Code Ann. § 16-1-116). While Tennessee Code Annotated § 16-4-108(a)(2) appears to require transfer of an appeal filed in the "wrong court," this Court has described transfer under Tennessee Code Annotated § 16-6-116 as discretionary. *See Turner v. State*, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005).

583, 586 (Tenn. 1977).

We are sympathetic to the request. Dr. Curtsinger has unnecessarily increased the expense of appellate review by not availing himself of an immediate appeal in the general sessions court and appealing his TPPA claim to the wrong court.[3] *See* Tenn. Code Ann. § 20-17-106. Although Dr. Curtsinger's misdirected efforts might ultimately bear on the reasonableness of the attorney's fees incurred by both parties, this appeal was not devoid of merit. He did receive some relief from the judgment of the circuit court. So we decline to award fees for a frivolous appeal.

## III.

Because the circuit court had no appellate jurisdiction over an order disposing of a TPPA petition, we vacate that portion of the circuit court's decision denying Dr. Curtsinger's request for attorney's fees under the TPPA. We remand the case for an order transferring that portion of the appeal to this Court.

s/ W. Neal McBrayer

W. NEAL MCBRAYER, JUDGE

---

[3] Dr. Curtsinger has also deprived himself of one of the key protections of the TPPA because, by not seeking an immediate appeal, the trial proceeded in general sessions court. *See Fabre v. Walton*, 781 N.E.2d 780, 784 (Mass. 2002) (recognizing that "[t]he protections afforded by [an] anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process").